IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sandra Bernath,                                              Case No. 3:22-CV-00702-JGC

        Plaintiff

    v.                                                        **ORDER**

Decorative Paint, Inc.,

        Defendant.

    This is an employment discrimination case. Plaintiff, Sandra Bernath, sues her former employer, Decorative Paint, Inc. (DPI), for age discrimination under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Plaintiff alleges that DPI unlawfully terminated her and replaced her with an individual under the age of 40. She further claims that her positive performance reviews and recent raise demonstrate that DPI's proffered reason for her termination, her lack of proficiency in Excel, is pretextual.

    Pending is defendant's Motion to Dismiss plaintiff's first amended complaint (Doc. 9) and plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 11). For the reasons that follow, I grant plaintiff's motion and deny defendant's as moot.

## Background

    Plaintiff's first amended complaint alleges the following facts. Plaintiff Sandra Bernath is 60 years old. (Doc. 4, pgID 28). She began working for DPI in or around April 2005, when she was 42 or 43 years old. (*Id.*). Plaintiff was a scheduler, and that role required her to use various electronic programs. (*Id.*, pgID 28-29).

Plaintiff alleges that in the Fall of 2019, DPI's Vice President of Operations, Greg Durham, gave her a positive performance review and a raise. (*Id.*, pgID 29). He also "briefly mentioned the Microsoft Excel program." (*Id.*).

On or about September 3, 2020, DPI terminated plaintiff for "lack of proficiency with computer skills," specifically, Microsoft Excel. (*Id.*; Doc. 12, pgID 89). Plaintiff claims that before her termination, she did not receive any formal disciplinary action or coaching. (Doc. 4, pgID 30).

Plaintiff further alleges that "a significantly younger employee" replaced her and that "[o]n information and belief, Bernath's replacement was younger than 40 years old at the time of the replacement's hire." (*Id.*).

Defendant filed a motion to dismiss the first amended complaint, arguing that plaintiff has not sufficiently alleged the elements of her claim. Plaintiff opposed that motion and filed a motion to amend her complaint to add more specific allegations regarding the elements that defendant highlighted in its motion to dismiss.

**Standard of Review**

1. **Motion to Amend**

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. It directs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts construe this rule liberally, with a presumption in favor of the moving party. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Id.*

Ultimately, the decision about whether to grant a motion under Rule 15(a) is within the court's discretion and depends on the "particular circumstances of the case." *Loc. 783, Allied Indus. Workers of Am., AFL-CIO v. Gen. Elec. Co.*, 471 F.2d 751, 755 (6th Cir. 1973).

### 2. Motion to Dismiss

To survive a motion to dismiss under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

When considering a Rule 12(b)(6) motion, I must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). A plaintiff, however, must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, *supra*, 550 U.S. at 555.

### Discussion

Defendant argued in its motion to dismiss plaintiff's first amended complaint that plaintiff did not sufficiently allege the elements of her age discrimination claim. Specifically, defendant argued that plaintiff 1) failed to plead she was qualified for her position and 2) did not

3

sufficiently support her claim that an employee under the age of 40 replaced her. (Doc. 9, pgID 51).[1]

Plaintiff opposed that motion and additionally filed a motion to amend her complaint. Her proposed second amended complaint provides further details regarding her qualifications for the scheduler role as well as her replacement's identity.

In response to plaintiff's motion to amend, defendant argues that the amendment would be futile because even the allegations in her second amended complaint cannot withstand a motion to dismiss. Defendant renews its assertions that plaintiff has not sufficiently pled facts related to her qualifications or replacement. Defendant does not assert any additional bases in opposition to the motion to amend, such as "undue delay, bad faith or dilatory motive on the part of [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, [or] undue prejudice to [defendant] by virtue of allowance of the amendment." *Foman, supra*, 371 U.S. at 182.

Because defendant makes the same arguments in its motion to dismiss as in its opposition to plaintiff's motion to amend, I will address those arguments simultaneously. *See Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (explaining that the Rule 12(b)(6) standard applies in determining whether a proposed amendment would be futile). I will focus on the sufficiency of plaintiff's allegations in her proposed second amended complaint.[2]

---

[1] Defendant also argued in its motion to dismiss that plaintiff failed to plead a nexus between her age and termination but appears to abandon that argument in its reply brief. (*See* Doc. 12, pgID 89). Defendant does not mention the argument in its opposition to plaintiff's motion to amend either. (*See* Doc. 13).

[2] I see no reason to evaluate whether the allegations in plaintiff's first amended complaint pass muster. If I find the allegations in her proposed second amended complaint sufficient, I should

### 1. Plaintiff's Qualifications

Defendant first argues that plaintiff has not sufficiently pled she was qualified for her position as a scheduler. In support, defendant points to plaintiff's allegations that Mr. Durham "briefly mentioned the Microsoft Excel program" during her review and that she never received training on Excel. Defendant claims these allegations constitute an admission by plaintiff that she was not proficient in Excel and therefore unqualified for her position.

However, accepting defendant's argument would require me to resolve a factual issue that I cannot resolve on a motion to dismiss. Defendant essentially asks me to find that the plaintiff's position required her to be proficient in Excel. However, plaintiff argues that it did not. That is an issue of fact that I have no basis to resolve at this juncture.

I must instead examine plaintiff's allegations to determine whether she has pled a plausible basis for relief. As to her qualifications, I find that she has. Not only does plaintiff explicitly claim she was qualified for her position, but she also alleges that she routinely received positive reviews, she "adapted to DPI's technological changes by receiving training," and she recently received a raise. (Doc. 11-1, pgID 79-80). Such allegations suffice at this stage to plead that plaintiff was qualified. *See*, *e.g.*, *Smith v. Bd. of Trustees Lakeland Cmty. Coll.*, 746 F. Supp. 2d 877, 894 (N.D. Ohio 2010) (O'Malley, J.) (even where plaintiff does not explicitly allege that she was qualified, allegations regarding positive evaluations she received sufficed to withstand motion to dismiss).

### 2. Plaintiff's Replacement

---

"freely give" her leave to file it because defendant has provided no reason other than futility, i.e. insufficiency, to reject it.

Defendant next argues that plaintiff has not pled sufficient facts regarding her replacement. It explains, "[w]hile the Plaintiff offers the replacement employee's name, she did not offer any factual information relating to the age of the replacement or even the suspected age gap between the Plaintiff and the replacement." (Doc. 13, pgID 104).

Plaintiff's proposed second amended complaint contains the following allegations regarding her replacement: her replacement's name is Brandi LaRoe, she is "significantly younger" than plaintiff, she was under 40 years old when DPI hired her and is still under 40, she took over the scheduler position and had the same duties that plaintiff had in the role, and she began her employment in the same month that DPI terminated plaintiff. (Doc. 11-1, pgID 82).

Such allegations strike me as more than sufficient to plead that DPI replaced plaintiff with someone outside her protected class. Defendant's only issues with plaintiff's allegations are that she did not plead Ms. LaRoe's exact age or the estimated age gap between the two employees. But defendant points to no case requiring plaintiff to plead those specific facts. And I am not aware of one. *Cf. Solima v. City of Brentwood*, No. 3:20-CV-00338, 2021 WL 1840565, at *5 (M.D. Tenn. May 7, 2021) (plaintiff need not name the replacement employee, and his allegation that "he was replaced by an employee who was outside his protected class" is sufficient).

Further, in analyzing the facts plaintiff has provided, I can determine an estimated age gap between the two employees. Using plaintiff's birth date and date of termination, I can calculate that according to the complaint, she was 58 years old when DPI terminated her. She alleges that Ms. LaRoe was under 40 years old when DPI hired her. Therefore, according to the complaint, there is an age gap of at least 19 years between the two employees. Sixth Circuit case law provides that "an age difference of ten or more years is generally considered significant" and

6

even a six-and-a-half year difference could contribute to an inference of discrimination. *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 284 (6th Cir. 2012).

While I do not decide that the age gap in this case is significant per se, as the facts have not yet been established, plaintiff plausibly alleges the age differential.

Therefore, I do not find plaintiff's proposed second amended complaint to be futile, as her ADEA claim would survive a motion to dismiss from defendant. Because I find that the amendment is not futile, I grant her motion to amend and accordingly deny defendant's motion to dismiss her first amended complaint as moot.

## Conclusion

It is, therefore, ORDERED THAT

1. Defendant's Motion to Dismiss plaintiff's first amended complaint (Doc. 9) be, and the same hereby is, denied as moot;
2. Plaintiff's Motion for Leave to File a Second Amended Complaint (Doc. 11) be, and the same hereby is, granted; and
3. The Clerk shall forthwith schedule a status/scheduling conference.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge